WILLIAMSON *vs.* ALLEN, *et. al.* use of RISTON.—*June,* 1830.

D gave a note to W for his accommodation, who endorsed it to S, for the full value. At the time S advanced the money, R was present and pledged his word to S, that if the note was not paid at maturity he would pay it. The note not being paid, S brought suit against D; pending the suit R made S several payments on account of the note, and at the last payment received from S a receipt, concluding as follows : "which is in full of a note held by me against D, now in suit, and proceeds of the same properly belonging to said R." A few days before the trial of the cause and some months after the last payment, the suit was entered on the docket for the use of R. It appeared that R was entitled to the beneficial interest in the note, and that S had no other interest than what arose from an obligation to prosecute the suit to final judgment for R's use. HELD: that as the payment to S was not made by D, or on his behalf, that the suit could be carried on for R's benefit as the equitable assignee.

A promissory note may be purchased without taking an endorsement as well after, as before suit brought. The purchaser has the beneficial, and the vendor the legal interest; and the suit may be carried on without entering the use.

APPEAL from Baltimore County Court.

This was an action of Assumpsit, by the appellees, the endorsees, against the appellant, the drawer of a promissory note, for $2500, payable to Wilson, Williamson & Co. and by them endorsed to the plaintiffs. The action was commenced on the 23d of March, 1826. The defendant pleaded non assumpsit.

1. At the trial the plaintiffs offered in evidence the promissory note, on which the suit is brought, with the endorsement thereon, and which was admitted to have been executed by the parties whose names are on the same; to wit, "$2500. Baltimore, December 26th, 1825. Seventy days after date, I promise to pay Wilson, Williamson & Co. or order, twenty-five hundred dollars, and ——— cents, for value received. D. Williamson." (Endorsed,) "Pay the contents to Messrs. S. & M. Allen & Co., Wilson, Williamson & Co.—S. & M. Allen & Co." The defendant then read in evidence to the jury the following bill on the equity side of this Court, and all the proceedings thereon, with the answer of Sylvester L. Fowler, one of the plaintiffs, and the exhibits filed with the said answer. "To the Honorable the Judges of Baltimore county Court, sitting as a Court of Equity: Humbly, &c. your orator, David Williamson, of the city of Baltimore, says, that some time in the month of December, 1825, a certain John B. Wilson, Charles A. Williamson and John N. Woodard, of the city of Baltimore, were trading under the firm of Wilson, Williamson & Co. and the said Charles A. W. being the son of your orator, and then being confined to his lodgings by indisposition, the said John B. W. applied to your orator for his aid, in raising funds for the use of the firm; falsely representing that the said firm was doing a good business, and only wanted funds to enable them to carry it on advantageously. And your orator further sheweth, that relying upon the said representations, your orator agreed to loan, and did loan to the said John B. W. for and on account of the said firm, his promissory

VOL. II.—44

note in their favor, bearing date at *Baltimore,* the 26th of December, 1825, payable 70 days after date, for the sum of $2500, for the purpose of raising money. And your orator further sheweth, that he has heard and believes it to be true, that the said *John B. W.* immediately thereafter, endorsed the said note in the name of the said firm, and transferred it to a certain *George Riston,* (he the said *George R.* knowing how the said note had been obtained) at usurious interest; that the said *George R.* shortly thereafter, passed the said note to *Solomon Allen, Moses Allen* and *Sylvester Fowler,* of the city of *Baltimore,* (then trading under the firm of *S. & M. Allen & Co.*) but that the said *George R.* did not endorse the same, the endorsement of the said *W. W. & Co.* being, as your orator has been informed and believes, in blank. And your orator further sheweth, that the said note not being paid when it arrived at maturity, the said *Solomon, Moses,* and *Sylvester,* instituted a suit thereon against your orator, which is now here depending, and to the proceedings wherein your orator begs leave to refer, and prays that the same may be taken and considered as a part of this, his bill. Your orator further sheweth, that he hath understood and believes that the said *Solomon, Moses* and *Sylvester,* are not in fact the holders of the said note, and have no interest therein; but that the said suit is intended for the benefit of the said *George R.* and is prosecuted for and on his account, by the said plaintiffs. And that the said *Solomon, Moses* and *Sylvester,* have no right of action whatever against your orator; all which actings and doings are contrary, &c. In tender consideration whereof, and for as much, &c. as he is unable to prove, &c. To the end therefore, that the said *Solomon, Moses* and *Sylvester,* may true answers make to the matters herein charged; and that in as full a manner as if, &c. and especially whether the said *Solomon, Moses* and *Sylvester,* did not receive the said note from the said *George R.?* and if they did not receive the said note from *George R.* from

whom did they receive the same? and on what account? and for whose use the same was received? and whether they paid value for the said note, and to whom and for whose use, and on whose account the said suit is carried on? and whether they, the said *Solomon, Moses* and *Sylvester,* have any and what interest in the said note? And that they may be required to produce the said note, and that the same may be cancelled and destroyed, and that your orator may have such other, and further relief, &c. Whereupon the said *Sylvester Fowler* filed in the County Court the following answer : The answer of *Sylvester F.* one of the defendants to the bill of complaint of *David W.* exhibited to the judges of Baltimore County Court, sitting, &c. against *Solomon A., Moses A.* and *Sylvester F.* This defendant saving to himself, &c. says, that *Solomon A.* and *Moses A.* have no knowledge of the transaction to which the bill refers, as they were in *Philadelphia* at the time it took place, and have resided there ever since ; the transaction was with this defendant alone, and he alone can testify respecting it. This defendant has no knowledge of the representations made oy *John B. W.* to the complainant at the time the note was given, and cannot therefore either admit or deny the *truth* of the representations, as set forth in the bill. This defendant further states, that the firm of *S. & M. Allen & Co.* advanced out of their own funds, to *W. W. & Co.* the endorsers of the said note, the full amount of the note in money, without receiving or retaining interest, at the rate of more than six per cent. per annum ; that the transaction was with the defendant, and so far as he has any knowledge of it, was not usurious, either in fact or intention, but was on the contrary perfectly fair and legal. This defendant further states, that the suit at law referred to in the bill was commenced against the maker and endorsers of the said note, by *Solomon A., Moses A.* and *Sylvester F.* on their own account, and for their own benefit. And lastly, this defendant again utterly denies the charge of usury, set forth in the bill of the complainant.

Upon exceptions being filed to the preceding answer, the same respondent put in the following additional answer : To the first exception this defendant says, that to the best of his recollection, *George R.* was present with *John B. W.* when this defendant received the note, but the note was received from the said *J. B. W.* and not from the said *George R.* To the second exception this defendant says, that he received the note from the endorsers, *W. W. &* *Co.* as stated above.    To the third exception this defendant says, that he received the said note on account and for the sole use of *S. & M. Allen & Co.* the plaintiffs in the action at law.    To the fourth exception this defendant says, that he paid value for the note as stated in his original answer to *W. W. & Co.* the endorsers on the said note.    To the fifth exception this defendant says, that at the time he advanced the money to *W. W. & Co., George R.* was present, and pledged his word to the defendant, that if the said note was not paid at maturity, by the maker or endorser, he, the said *George,* would pay it.    Since the suit at law was commenced, the said *George R.* has redeemed his pledge and paid the note, as appears by the following receipt herewith filed, marked A; upon this consideration the said *George R.* is now entitled to the beneficial interest in the said note and suit.    This defendant further says, that if he had supposed it material, he should have stated this fact in his original answer.    To the sixth exception this defendant says, that the plaintiffs in the action at law, have no other interest in the note, than what arises from an obligation to prosecute the suit to final judgment for the use and benefit of the said *George R.*    To the seventh exception this defendant saith, that he herewith files the note and prays that it may be deemed as part of this, his answer.

The exhibit marked A, referred to in the aforegoing answer, is as follows, to wit: "We acknowledge the receipt from *George Riston,* of the following items, viz. on the 18th November, 1826, cash, $586 57; on the 18th December, 1826, cash, $517 16; on the 20th January, 1827, cash,

$502 83; on the 19th February, 1827, cash, $1028 02; making in all $2634 58, which is in full of a note held by us against *D. Williamson*, for $2500, which note is now in suit and the proceeds of the same properly belonging to said *Riston.* Baltimore, 19th February, 1827. *S. & M. Allen & Co.*" And the defendant further gave in evidence by the notary public, by whom payment of the said note was demanded, at the instance of the legal plaintiffs, of the defendant, *David Williamson*, that when he applied to the defendant for the payment of the same, the said defendant refused to pay the same, alleging as a reason the following : " that the said note can or will not be paid, having been obtained by false representations, pretexts, and devices, and not applied to the purposes for which it was given or intended to be used ; and furthermore, because usury has been had and received thereon." And the defendant further gave in evidence that this suit was not entered for the use of *George Riston*, the person named in the said equity proceedings, until the 25th day of this present month, November, 1827, and after the coming in of the answers in the said equity proceedings mentioned. And further gave in evidence the following receipt, admitted to have been signed by *Wilson, Williamson & Co.* the payees on the promissory note aforesaid, at the time the note mentioned in the same was delivered by defendant to them.

" *Baltimore*, December 26th, 1825. Received of Mr. *D. Williamson*, one note dated 23d instant, 60 days, $2,500

     26th " 70 "  2,500

Which we promise to pay at maturity.    $5,000
 $5,000.     *Wilson, Williamson, & Co.*"

And further gave in evidence, that one of the notes stated in said receipt is the note in suit in this cause. Whereupon the defendant, by his counsel, prayed the Court to instruct the jury as follows : *First.* That the plaintiffs are not entitled to recover upon the aforegoing evidence if the jury believe the same ; because it appears from such evi-

dence that said plaintiffs have been paid and satisfied the full amount of principal and interest due upon the *promissory* note, upon which the action is brought, and have no interest therein, and that said note is therefore extinguished. *Second.* That also upon said evidence, if the jury believe from the same, that the principal and interest of the note upon which the action is brought, and offered in evidence by plaintiffs, has been paid to the plaintiffs since the institution of the action; that then the plaintiffs are only entitled to recover nominal damages; both of which instructions the Court [ARCHER, Ch. J., and KELL, A. J.] refused to give, being of opinion that the defendant had adduced no evidence to shew, that any payment had been made to the plaintiffs by the defendant, or by his agent; but that the sum received by the plaintiffs from said *Riston,* must be considered as a consideration paid by him to the plaintiffs for an equitable assignment of the plaintiffs legal interest in the cause of action.

The defendant excepted; and the verdict and judgment being against him, he appealed to this Court.

The cause was argued before BUCHANAN, Ch. J., EARLE, MARTIN, and STEPHEN, J.

*Scott,* for the appellant, contended,

1. That there was evidence offered on the part of the defendant to go to the jury, for the purpose of showing, that at the time of the trial, the note upon which the action is brought had been paid, and that the plaintiffs at that time had no interest therein. 2. That upon the evidence the plaintiffs, if entitled to recover at all, were only entitled to nominal damages. 3. That the payment of the note by *Riston,* extinguished all right of action thereon. 4. That the plaintiffs having been paid the amount of their claim by *Riston,* voluntarily, and without the request or assent of the defendant, that *Riston* could not by that payment entitle himself to have the suit prosecuted for his use. He refer-

red to *Smith vs. Pickering,* 6 *Esp. Rep.* 50. *Holland vs. Jourdine,* 1 *Holt.* 6. 3 *Serg. and Low.* 5. The act of 1763, *ch.* 23, *sec.* 7. *Brown vs. Davis,* 3 *Term. Rep.* 83. *Baily on Bills,* 118, 454. *Brown vs. Turner,* 7 *Term. Rep.* 630. *Tinson vs. Francis,* 1 *Camp.* 19. *Onion vs. Paul.* 1 *Harr. and Johns.* 114. *Norwood vs. Norwood,* 2 *Harr. and Johns.* 238. *Allstan vs. Contee,* 4 *Harr. and Johns.* 351. *Morgan vs. Reintzell,* 7 *Cranch.* 273. *Heighe vs. Farmers' Bank,* 5 *Harr. and Johns.* 68. *Burger vs. Collings,* 7 *Harr. and Johns.* 213. *Owings vs. Owings,* 1 *Harr. and Gill.* 484. *Hollingsworth vs. Floyd,* 2 *Harr. and Gill,* 87. *McEvers vs. Mason,* 10 *Johns. Rep.* 224.

*Meredith* and *J. Raymond,* for the appellees.

1. The money paid to the appellees, *Allen & Co.* was not paid by the appellant, but by a stranger, and this circumstance distinguishes the case from all the cases referred to by the appellant's counsel. It was not paid at the instance and request of the appellant, or with a view to extinguish the debt, nor was it so received by the *Allens.* Under such circumstances the payment is never regarded as extinguishing the debt. *Merryman vs. State,* 5 *Harr. and Johns.* 424. *Gray vs. Wood,* 2 *Harr. and Johns.* 328. *Mechanics' Bank vs. Hazard,* 13 *Johns. Rep.* 354.

2. The payment by *Riston* operated as an equitable assignment of the suit to him. If the payment does not operate as an assignment, the remedy of the party paying is gone : he cannot sue for money paid, because he could not make himself the creditor of *Williamson* without his consent, and the money was paid voluntarily.

3. The defendant is not in a worse condition than before the assignment. If the want of consideration between himself and the payees, could have been taken advantage of before the entry for the use of *Riston,* it could afterwards. This point however is not before this Court, not having been raised below.

4. A party receiving a note does not take it subject to the equities existing between all the preceding parties. He stands in the shoes of his assignor, and no defence 'can be, made against him, which would not have been good against his assignor.

They referred to *Gray vs. Wood, 2 Harr. and Johns.* 328. *Ringgold vs Tyson,* 3 *Harr. and Johns.* 178. *Hudson vs. Goodwin,* 5 *Harr. and Johns.* 115. *Day vs. Lyon,* 6 *Harr. and Johns.* 140. *Kiersted vs. Rogers and Garland, Ib.* 285. 13 *Johns. Rep.* 354, 357. *Holland vs. Jourdine,* 3 *Serg. and Lowb.* 5, 6. *Brown vs. Davis,* 3 *Term.* 83. *Heighe vs. Farmers' Bank,* 5 *Harr. and Johns.* 68. *Hollingsworth vs. Floyd,* 2 *Harr. and Gill,* 87.

*Taney,* (Att'y Genl.) in reply.

1. *Riston* is no party to the note, either as drawer or endorser, and can claim no privileges as such. Being an accommodation note, the drawer is to be considered as the security, and the payees as the principal debtors: the direction by the Court, that the payment by *Riston,* was a consideration for the assignment of the legal interest of *Allen & Co.* was deciding a question of fact, as it depended upon the intention with which the payment was made. It cannot be said that there was no evidence to show that his intention might have been to extinguish the debt. The fact that a term intervened between the payment and endorsement to his use, was evidence either that he designed to extinguish the note, or that he paid it, as security for the actual borrowers, *Wilson, Williamson & Co.* and in either case he had no right to sue. *Mechanics' Bank vs. Hazard,* 13 *Johns. Rep.* 356. If he paid, as security for the payees, who are the principal debtors, he stands in their shoes, and as they could not sue, he cannot. 2. The payment was made before *Riston* became a party to the suit, and by it the claim was extinguished, or reduced to nominal damages. The subsequent endorsement to his use, could not revive it.

BUCHANAN, Ch. J., delivered the opinion of the Court.

The promissory note on which the suit was brought, was drawn by the appellant, *David Williamson*, in favor of *Wilson Williamson, & Co.* and by them endorsed to the appellees, *S. & M. Allen, & Co.* The note appears to have been drawn for the accommodation of *Wilson, Williamson, & Co.* and to enable them to raise money upon it. At the time of the endorsement by *Wilson, Williamson & Co.* the endorsees, *S. & M. Allen, & Co.* the appellees, advanced to them the full amount of the note, which not being paid at maturity, they brought suit against the drawer, which was entered on the docket for the use of *George Riston.* When *S. & M. Allen, & Co.* advanced the money on the note to *Wilson, Williamson & Co. George Riston* was present, and pledged his word to them, that if the note was not paid at maturity, by the maker, or endorsers, he would pay it; and did after the institution of the suit, pay to them the amount of the note. The entry on the docket, "for the use of *George Riston*," was made on the 25th of November, 1827, only three or four days before the trial. The amount so paid by *Riston*, was in different sums, and at different times, the receipt given to him for which, by *S. & M. Allen, & Co.* is dated the 19th of February, 1827, when the last was paid, and concludes in these words, (after stating the different sums paid,) "which is in full of a note, held by us against *D. Williamson*, for $2500, which note is now in suit, and the proceeds of the same properly belonging to said *Riston*." And in an answer by *Fowler*, one of the firm of *S. & M. Allen, & Co.* to a bill of discovery filed pending the suit at law, by *David Williamson*, it is alleged that in consideration of the payment by *Riston*, "he is now entitled to the beneficial interest in the note," and that *S. & M. Allen, & Co.* have no other interest in the note, than what arises from an obligation to prosecute the suit to final judgment for his use and benefit. This answer and receipt, which is made an exhibit and referred to in the answer, were offered in evidence by *David*

*Williamson,* the appellant, and furnished the only evidence in the case relating to the payment by *Riston,* and the interest he acquired in the note.

In this state of facts it is contended, that the note and the interest of *S. & M. Allen, & Co.* the appellees, therein, were extinguished by the payment to them of the amount, and that he was not entitled to recover, or if entitled at all, that he was not entitled to recover more than nominal damages. Admitting that if the whole amount of the principal and interest of the note, was paid to the appellees by the appellant, or by *Riston,* for, and on his account, and as his agent after the bringing of the action, they were not entitled to recover more than nominal damages; yet there is nothing appearing in the record, that would have justified the Court, in instructing the jury either, that the appellees were not entitled to recover, or that they were only entitled to recover nominal damages, as was prayed at the trial, and is insisted on here; which would have been to assume the fact, that the payment was by the appellant, or by *Riston,* as his agent in discharge of the note. For if the payment was not made by him, or his agent in discharge of the note, or with that intention, it does not necessarily follow, that it was thereby extinguished. *Riston* or any body else might have purchased it, without taking an endorsement by the appellees, as well after as before suit brought, which is not understood to. be denied; and thus have acquired the beneficial interest, whilst the legal title remained in the appellees. And if *Riston* did purchase it, or advance the money upon it, not .on account of, or as the agent of the appellants, and for the purpose of discharging it; but on his own account, and with the intention of acquiring the beneficial interest, and suffering the legal title to remain in the appellees, for. the purpose of carrying on the suit, which he had a right to do, the note was not thereby extinguished, but remained in force, and no injury was done to appellant, who was not thereby deprived of any defence, that he would have had against the appellees, if no such

transaction had taken place, and they had gone on to trial, as the legal and equitable holders. If *Riston* had purchased the note, or the beneficial interest therein, before the institution of the suit, but after it had reached maturity, without taking an endorsement, he could not have sued in his own name, but in the name only of the appellees, in in whom the legal title remained for his use, subject to all the equities of the appellant, as against the appellees. And in this respect it makes no difference, when the purchase is made, whether before or after the bringing of the suit, the rights of the defendant being no more affected in the one case than the other. In the case of a purchase before suit brought, the entry for the use of the purchaser, if made at all, (which is not necessary for the purpose of carrying on the suit,) may as well be made at any time after, as at the time of bringing the suit, and it is as difficult to perceive why such purchase may not be made as well after, as before a suit is brought. For the principle here assumed, that the purchase of a promisory note, or the payment of the amount to the holder, not by the maker, nor on his account, nor with the intention to discharge it, but with a view of acquiring the beneficial interest in it, does not extinguish the note, whether made before, or after suit brought, but if made before and without endorsement, that suit may be brought in the name of him, in whom the legal title remains, for the use of him, who has thus acquired the beneficial interest, or if after suit brought, that the suit may be carried on in the name of the original plaintiff, for his use, and that the defendant can take no advantage of it, it is quite sufficient to refer only to *Gray and Biddle, vs. Wood and Wife,* 2 *Harr. and Johns.* 328. *Mechanics Bank vs. Hazard,* 13 *Johns. Rep.* 353. And *Merryman vs. The State,* 5 *Harr. and Johns.* 423. The circumstance urged in the argument that *Riston* was present, when the note was endorsed to the appellees, and said if it was not paid at maturity, by the maker or endorsers, he would pay it, can have no influence upon the decision of this cause. That

pledge, if it can be so called, was made, for any thing appearing in the record, without consideration, and placed him under no obligation to pay it. The money then was not paid by the appellant; and if it was not paid by *Riston* on his account, or as his agent, nor with the intention to discharge the note, but with a view of acquiring the beneficial interest himself and that the suit should be prosecuted for his use, there is no pretence that the appellees were not entitled to recover, or only entitled to recover nominal damages, though only nominal parties, and *Riston* the real party in interest to the suit.

Is there then any thing in the record to show, or from which a jury could infer, that it was paid by *Riston*, on the appellant's account, or as his agent, with a view to discharge the note, and not with the intention to acquire the beneficial interest himself? To say nothing of the evidence furnished by the answer of *Fowler*, one of the appellees, to the bill of discovery by the appellant, "that *Riston*, by paying the amount of the note, had entitled himself to the beneficial interest of it," and that the appellees " had no other interest in the note, than what arose from an obligation, to prosecute the suit to final judgment, for his use and benefit," the receipt of the appellees to *Riston* for the amount paid by him, which, with the answer of *Fowler*, is the only evidence in the cause, in relation to that subject, and that too produced by the appellant himself, speaks a language not to be misunderstood. It is this " in full of a note held by us against *D. Williamson* for $2500, which note is now in suit, and the proceeds of the same properly belonging to said *Riston*." The proceeds of the note could not have belonged to *Riston*, unless he had acquired the beneficial interest in it; and if he paid the money to the appellees, for and on account of the appellant, and with the intention to discharge the note, it would thereby have been extinguished, and he neither could nor intend to have acquired any beneficial interest in it. The proceeds then of the note, could only properly have belonged to *Riston*, as stated in the receipt, on the

ground that he paid the money, not for the appellant, or as his agent, but on his own account, and thereby entitled himself to the beneficial interest in the note, with the right to pursue it in the name of the appellees.

Thus it appears from the appellant's own showing, that the payment of the money was not made by him, nor by his agent in his behalf. He therefore could not in any manner avail himself of it.

JUDGMENT AFFIRMED.